# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TODD BUDNIK and DEBORAH BUDNIK, | ) ) ) | |
| Plaintiffs, | ) ) | Judge Blanche M. Manning |
| v. | ) ) | Case No. 05 C 0088 |
| BANK OF AMERICA, N.A. | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

Before the court is Plaintiffs Todd and Deborah Budnik's ("Budniks") motion to remand the case to state court. For the reasons stated below, the motion is granted.

## I.    BACKGROUND

The procedural background to this dispute is helpful to understanding the current posture of this case, thus it is laid out briefly herein. The Budniks initially filed suit against Bank of America Mortgage, an operating division of Bank of America, in state court in July 2003. The Budniks' original complaint alleged that Bank of America Mortgage improperly retained "extra per diem interest" on their mortgage loan. Bank of America Mortgage removed this case, alleging that the Budniks' claims were preempted by federal law. The Budniks subsequently brought their first motion to remand, which the court denied, concluding that the court had subject matter jurisdiction over the Budniks' complaint.

The Budniks then filed an amended class action complaint ("Amended Complaint") in this court, which they then again sought to remand. The court concluded that the allegations in the original complaint controlled. Because the court had already concluded that it had subject matter over the original complaint in that it stated an action that was preempted by the National Bank Act, 12 U.S.C. § 21, *et seq.*, the court again denied the second motion to remand. The Budniks then filed a motion to voluntarily dismiss the Amended Complaint, which this court granted on November 2, 2004.

On November 1, 2004, the Budniks filed another complaint in the Circuit Court of the Nineteenth Judicial Circuit, Illinois, alleging claims of breach of contract and unjust enrichment. The defendants subsequently removed it to this court. Plaintiffs have filed their third motion to remand. For the following reasons, the court grants the Budniks' third motion to remand.

## II. FACTS

The following allegations are drawn from the state class action complaint filed on November 1, 2004, which BOA has removed to this court. In December of 2002, the Budniks sold a parcel of real estate on which BOA held the mortgage. On December 16, 2002, two days prior to the sale of the property, BOA sent a Payoff Statement to the Budniks detailing the amounts required to pay off the mortgage. The Payoff Statement stated that $154,522.74 was the "Total Amount Payable." This amount included interest to December 23, 2002. Accordingly, at the closing on December 18, 2002, the closing agent took $154,772.74 from the purchaser's proceeds and sent a check to BOA in that amount. The Budniks do not know the exact date that BOA received the check but allege that they "believe" it was no later than December 19, 2002.

The Budniks allege that on its written payoff statement, BOA included per diem interest calculated to December 23, 2002 in anticipation of a closing on that date. However, the mortgage was paid off before December 23, 2002 (probably by December 19, 2002). According to the Budniks, while BOA initially received this additional three or four days of interest, BOA refunded it to the Budniks but "secretly kept $25.00" for itself. Thus, the Budniks allege that BOA owes them $25.00. In the instant complaint, the Budniks expressly disclaim any usury claims, any federal claims, and any recovery in excess of $75,000.

## III. DISCUSSION

### A. Legal Standard

The party seeking removal carries the burden of establishing jurisdiction. *Shaw v. Dow Brands, Inc.*, 994 F.3d 364, 366 (7th Cir.1993). When deciding whether a case warrants removal, trial courts should presume that the plaintiff chose a valid and proper forum and resolve

all doubts about jurisdiction in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir.1993).

## B. Analysis

The Budniks claim that this court does not have subject matter jurisdiction over the instant complaint, and thus their claim must be remanded to state court. The fate of the motion to remand turns on whether the Budniks' complaint is based on state or federal law. Under the well-pleaded complaint rule, a cause of action arises under federal law when the plaintiff's complaint raises issues of federal law. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The plaintiff is thus the master of her complaint and can control the litigation through the issues she raises, as opposed to those that the defendant includes in its response. *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1486 (7th Cir. 1996). This means that a defendant cannot remove a case to federal court under the guise of federal preemption simply by raising a federal question as a defense. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983); *Speciale v. Seybold*, 147 F.3d 612, 615 (7th Cir. 1998).

A plaintiff, however, may not prevent the defendant from removing her case by framing her claims under state law and omitting federal questions that are essential to her recovery. *Franchise Tax Board*, 463 U.S. at 22. This principle is known as the artful pleading rule. *Id*. Therefore, the court must determine whether the Budniks couched a federal cause of action in terms of state law. *Burda v. M. Ecker Co.*, 954 F.2d 434, 438 (7th Cir. 1992). If the plaintiffs' state law claims in fact raise a federal question, their claims arise under federal law and are removable. *Id*.

BOA contends that the plaintiffs' claims are federal because they are preempted by the National Bank Act, 12 U.S.C. § 21, *et seq*. As a general rule, federal preemption is a federal defense to a state law cause of action and thus does not permit a defendant to remove a case from state court. *Bastien v. AT&T Wireless Servs., Inc.*, 205 F.3d 983, 986 (7th Cir. 2000). In some instances, however, Congress has so completely preempted an area that a complaint is

"necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. at 63-64. If an area of state law is completely preempted by federal law, a claim purportedly based on state law is considered to be federal. *Franchise Tax Board*, 463 U.S. at 24.

Federal preemption of state law claims can be either express or implied. Where Congress expressly occupies a field, state law in that area is preempted. *Pacific Gas & Elec. Co. v. State Energy Resources Conservation & Dev. Comm'n*, 461 U.S. 190, 212-213 (1983). On the other hand, if a scheme of federal regulation is pervasive enough to support an inference that Congress meant to completely occupy that area, implied preemption applies and prevents a plaintiff from pursuing a claim premised on state law. *Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153 (1982).

Section 86 of the National Bank Act allows recovery for "the taking, receiving, reserving, or charging *a rate of interest* greater than what is allowed under Section 85 of this Title." 12 U.S.C. § 86 (emphasis added). The Supreme Court has held that Sections 85 and 86 of the National Bank Act provide an exclusive cause of action for excessive interest claims and thus "there is no such thing as a state-law claim of usury against a national bank." *Beneficial National Bank v. Anderson*, 123 S.Ct. 2058, 2063 (2003).

The question, then, is whether the National Bank Act preempts the Budniks' claims. The Budniks say "no," contending that they are only seeking the return of the $25.00 in "extra money" and "do not allege any improperly retained extra per diem interest on their mortgage loan or assert any other lending charges." *See* Plaintiffs' Motion to Remand at 3. Essentially, the Budniks claim that Sections 85 And 86 of the National Bank Act are inapplicable because they have not challenged the rate of interest they were charged, rather, they are seeking only the return of $25.00 of "non-interest money." *Hancock v. Bank of America*, 272 F. Supp. 2d 608 (W.D. Ky. 2003) (granting motion to remand plaintiffs' class action "challenging Bank of America's policy of charging a fax fee for faxing a loan payoff statement for mortgage loans it has serviced," and holding that the claim was not completely preempted because the parties

agreed the fax fee was a non-interest fee and thus was not covered by Section 85 of the National Bank Act).

BOA argues that the National Bank Act applies, noting that the Budniks are, in essence, claiming that the rate of interest is usurious since usury is defined as the making of an "illegal profit" on a sum of money loaned to a borrower. BOA relies heavily on this court's earlier denials of plaintiffs' motions to remand, and argues that the Budniks' complaint is, for all intents and purposes, the same complaint previously filed, with a few choice word changes. Specifically, BOA contends, as it did with respect to the Amended Complaint, that the Budniks have merely changed the words "extra per diem interest" to "extra money" and have attempted to artfully plead themselves out of federal court.

The court's previous orders denying remand were based on the fact that plaintiffs appeared to be seeking the return of "unearned interest" calculated by BOA based on the anticipated (but incorrect) date of closing. When the closing took place earlier than BOA thought, as with the Budniks, the projected interest due was overstated and BOA returned that interest. However, in its instant complaint and briefing for this motion, the Budniks allege that BOA returned the interest *after deducting* $25.00 of "extra money" retained by BOA.[1] The pertinent question then appears to be whether this $25.00 is deemed "interest" such that it would fall under Section 85 of the National Bank Act, thus permitting federal subject matter jurisdiction.

12 C.F.R. § 7.4001(a) defines interest as follows:

> The term "interest" as used in 12 U.S.C. 85 [Section 85 of the National Bank Act] includes any payment compensating a creditor or prospective creditor for an

---

[1] It is true that plaintiffs' complaint includes an allegation that "assuming the loan was paid off no later than December 19, 2002, and thus, accrued interest no later than December 18, 2002, Defendant received no less than $160.60 in extra money from Plaintiffs' sale proceeds." This extra money – an inadvertent overpayment – rightfully belongs to Plaintiffs." Complaint at ¶¶32-33. However, plaintiffs reiterate at several points in their motion to remand and reply that the only money plaintiffs are seeking from BOA is the $25.00 in "extra money." Thus, for purposes of this motion, the court takes plaintiffs at their word and disregards any claim to the $160.60, which appears to be properly categorized as "interest."

-5-

extension of credit, making available of a line of credit, or any default or breach by a borrower of a condition upon which credit was extended. It includes, among other things, the following fees connected with credit extension or availability: numerical periodic rates, late fees, creditor-imposed not sufficient funds (NSF) fees charged when a borrower tenders payment on a debt with a check drawn on insufficient funds, overlimit fees, annual fees, cash advance fees, and membership fees. It does not ordinarily include appraisal fees, premiums and commissions attributable to insurance guaranteeing repayment of any extension of credit, finders' fees, fees for document preparation or notarization, or fees incurred to obtain credit reports.

Plaintiffs contend that the $25.00 is a non-interest "fee" and in support have attached an unsigned affidavit from Kathy Clark, Assistant Vice-President, Servicing Team Manager, Process Payoff Administration for Bank of America, NA. The last paragraph of the affidavit states that "it appears from BOAM's records that the non-interest fee of $25 that was withheld from the Budniks' refund check represents a Payoff Statement fax and update charge." Plaintiffs state that they received the affidavit from BOA, but, as noted by BOA, it is unsigned.

As the party seeking removal, BOA carries the burden of establishing jurisdiction. *Shaw,* 994 F.3d at 366. Nevertheless, BOA does not provide any illumination on what the "extra money" actually is. Instead, it focuses on what the plaintiffs have pleaded and states that the allegations of "extra money" fall within the definition of "usury." According to BOA, since the National Bank Act completely preempts state law usury claims, then the Budniks' "extra money" claim is completely preempted. However, as noted above, the proper inquiry is whether the $25.00 of "extra money" constitutes "interest," as defined by 12 C.F.R. § 7.4001(a).

The court concludes that the $25.00 in "extra money" constitutes a non-interest fee. Plaintiffs submitted an affidavit from an assistant vice-president of BOA stating that the fee appeared to be a "fax and update charge." While the affidavit is unsigned, BOA does not contest the substantive contents of the affidavit nor does it challenge plaintiffs' representation to the court that it was provided to plaintiffs by BOA. The definition of "interest" under 12 C.F.R. § 7.4001(a) states that "fees for document preparation or notarization" are not interest. Further, BOA agreed in another case dealing with a similar issue that a $15.00 fax fee was a non-interest fee under the National Bank Act. *Hancock,* 272 F. Supp. 2d at 608 ( holding that the claim was

not completely preempted because the parties–including Bank of America--agreed the fax fee was a non-interest fee and thus was not covered by Section 85 of the National Bank Act). Accordingly, whether the $25.00 of "extra money" fee is a fax charge or a document update charge as stated in Ms. Clark's affidavit, it is not interest as that term is defined for purposes of the National Bank Act.

## III. Conclusion

For the reasons specified above, the Budniks' motion to remand [9-1] is granted, and this case is remanded to the Circuit Court of Lake County pursuant to 28 U.S.C. § 1447(c), based on lack of subject matter jurisdiction.

**ENTER:** /s/ **Blanche M. Manning**

**Blanche M. Manning**
**United States District Judge**

**DATE:** April 12, 2005